Lydia Baumgartner
vs. No. 92110.
United Electric Railways Co.

Emil Baumgartner
vs. No. 92111.
United Electric Railways Co.

April 24, 1934.

CAPOTOSTO, J. After verdicts of $1,000 for Lydia Baumgartner and $500 for her husband, Emil Baumgartner, in actions for negligence, the defendant moves for a new trial in each case, claiming that the verdicts are against the weight of the evidence.

The plaintiff claims that while alighting from the step of an electric car, the motorman shut the folding doors, caught the back of her dress in the door, and that as a consequence she was thrown to the ground. In addition to minor injuries, she complained of some substantial damage to her lower back. The defendant disclaims all knowledge of the accident.

The doctrine of res ipsa loquitur does not apply in this case. The particular negligence relied upon must not only be alleged but must be proved by credible evidence.

According to the plaintiff, the outbound car on which she was a passenger stopped at a white pole on Central Avenue in the City of Pawtucket 109 feet from the easterly curb of Perrin Avenue. The distance from the southerly rail of the outbound track to the southerly curb of Central Avenue is 9 feet. The car in qeustion was a one man car, equipped with double folding doors closing against a middle stanchion on the platform of the car and guided back and forth by metallic grooves on the platform floor. The doors, when closed, are recessed about fourteen inches from the side surface of the car. The step, which is 14 inches below the platform and 14 inches above the street level, is fixed and recessed 9 inches from the contour line of the vestibule. A rear grab-handle is attached to the body of the car, above and about the middle of the step, and some four inches from the outer surface of the car.

In leaving the car, the plaintiff took hold of this rear grab-handle and passed through that half portion of the door opening which was to her right and nearest the body of the car. The plaintiff herself does not say that she saw her dress caught in the closed doors. She assumes that it was. All she can say is that as she was stepping off from the step of the car, she felt her "dress caught . . . felt it pull." In a final analysis, her case must rest upon the reliability of two little girls, 13 and 14 years old respectively, who were at or near the curb of the southeast corner of Central and Perrin Avenues. Both testified that from where they stood they saw the plaintiff on the step or just stepping off therefrom and that her dress was caught at the closed door. Both admitted that the plaintiff had told them immediately after the accident and at other times subsequently thereto that her dress was caught in the door of the car, and then coyly added, "but we saw it too." To look diagonally at a point in a street car 109 feet away and less than 9 feet out in the roadway and be able to see the hem of a skirt caught in a door which is recessed some 14 inches back of the outer surface of the car, with a human being in between, is to possess almost X-ray power of sight. To have two persons, especially when of tender years, from this viewpoint see exactly the same thing, at the same time, and express themselves in substantially the same way is to approach the incredible.

These youthful witnesses, who had been instructed not to give any statement to any representative of the defendant and who, without previous acquaintance, had made a number of visits to the plaintiff at her request, exhibited a mundane poise on the witness stand which was quite in contrast with their years. They appar-

ently appreciated their importance and seemed to enjoy a voluntary vacation from school, which both admitted was not much to their liking. Their testimony lacked the ring of childish sincerity. It had many earmarks of reconstruction rather than of personal observation and recollection.

The plaintiff, by both statement and demeanor, also showed a strong tendency to exaggerate, especially with reference to her physical condition. Her attending physician went her one better, but his records, which he reluctantly produced, denied by their silence a good many things which he had asserted orally.

In this case the mere words of the witnesses convey one thought, while common sense, probabilities and reasonable inferences from physical facts prove another. The Court finds that the plaintiff has failed to prove her case by a fair preponderance of the credible evidence.

Motion for new trial granted in both cases.

For plaintiff: Francis R. Foley.

For defendant: Clifford Whipple, Earl Sweeney.